# Wood v. Wood, Ex'r, et al.

APPEAL from Talladega Probate Court.

Heard before the HON. G. K. MILLER.

FELIX L. SMITH and EDWIN F. JONES, for appellant.

KNOX, BOWIE & DIXON, for appellees.

This was an application in the probate court made by the appellant, Mrs. Susan C. Wood, to have certain lands and personal property set apart to her as the widow of A. C. Wood, deceased. Commissioners were duly appointed, who made report of their actions. Frank B. Wood, the appellee, as executor of the last will and testament of A. C. Wood, deceased, and as the heir and legatee under said will, filed exceptions to the report of the commissioners setting apart homestead and exemptions to the petitioner as the widow of said A. C. Wood, deceased. The grounds of these exceptions were, 1st, that the said widow was not a *bona fide* resident of the State of Alabama at the time of the death of her husband; 2d, that she was, at the time of the death of her husband, residing with her son in the State of Texas, having left the State of Alabama for more than twelve months before his death, and was not, at the time, residing in the State of Alabama, nor had she been for more than twelve months theretofore; having left the State with the ex-

press purpose of residing permanently in the State of Texas; and, 3d, that at the time of the death of her husband, his said wife and he were not residing together in the relation of husband and wife, nor were their places of residence the same, but his wife was separated from him, having abandoned him and removed to the State of Texas with the express intention of permanently residing separate from him, and for that reason there was not such relation existing between them as that his widow could claim homestead or other exemption of his property, as against the contestant.

The widow, by her counsel, without questioning by demurrer the validity of these grounds of exception and objection to her claim of exemptions, took issue thereon, and the cause was tried by the court without a jury. The issues were found in favor of the contestant, and judgment rendered annulling the report of the commissioners, setting apart homestead of realty and exemption of personalty to the petitioner. From this judgment the present appeal is prosecuted.

In the course of the trial, the petitioner, Mrs. Wood, being examined in her own behalf, was asked by counsel: "What was his (your husband's) conduct towards you, when under the influence of whiskey?" The court, on general objection, refused to allow the question to be answered. The answer, if allowed, would have tended to show that her departure from the State was not with the intention of remaining away permanently, but to return under a change of her husband's conduct. It is held that the question should have been allowed to be answered. For this error the judgment is reversed.

As the case has been considered on the issues as made and presented by the parties on this record, it is held not improper for the purposes of another trial, to call attention to section 5 of Article X of the Constitution, providing that "if the owner of a homestead die, leaving a widow but no children, such homestead shall be exempt and the rents, and profits thereof shall enure to her benefit."

The judgment is reversed and the cause remanded.

Opinion by HARALSON, J.